**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | |
|---|---|
| AIRBOSS DEFENSE GROUP, LLC, | |
| | Case No. 24-cv-00365 |
| Plaintiff, | Judge Charles F. Lettow |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**NEW YORK EMBROIDERY STUDIO, INC.'S**
**MOTION TO INTERVENE AS DEFENDANT-INTERVENOR**
**AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 24 of the Rules of the U.S. Court of Federal Claims ("RCFC"), New York Embroidery Studio, Inc. ("NYES"), by and through undersigned counsel, respectfully submits this motion to intervene in the above-captioned matter and memorandum in support. NYES is the awardee of Contract No. 75A50323C00013 (the "Contract") issued by the Department of Health and Human Services ("HHS" or "Agency") pursuant to Solicitation No. 75A50322R00008 (the "Solicitation"). The Solicitation is the subject of Plaintiff Airboss Defense Group's ("Airboss") Complaint.

Counsel for NYES has contacted counsel for Plaintiff and Defendant for their positions on NYES's intervention. Defendant's counsel has authorized NYES's counsel to state that the Agency does not oppose NYES's intervention. Plaintiff's counsel, however, indicated they intend to oppose NYES's intervention. Further, both Defendant's counsel and Plaintiff's counsel noted that there was no objection to NYES's inclusion in the status conference currently scheduled for March 13, 2024, at 2:30pm (telephonic).

1

As explained below, this Court should grant NYES's motion to intervene.[1]

**A.      The Court Should Grant NYES's Intervention as of Right**

Rule 24(a) requires this Court to allow for intervention as of right when, "[o]n timely motion," the intervenor-applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a)(2). Stated differently, the intervenor-applicant must show: "(1) an interest in the subject matter of the litigation; (2) an impairment of that interest if intervention is denied; and (3) inadequate representation of its interests by the parties in the action." *Am. Renovation & Const. Co. v. United States*, 65 Fed. Cl. 254, 259 (2005).

"The United States Court of Appeals for the Federal Circuit has advised that 'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)); *see also Klamath Irr. Dist. v. United States*, 64 Fed. Cl. 328, 336 n.11 (2005) (explaining why the Court "regularly grants intervention" and does not impose "rigorous limitations" to awardees, the reasons for which equally apply to NYES). NYES meets the pre-requisites for intervention of right.

First, NYES has an interest in the subject matter of the action. On September 25, 2023, NYES was awarded the Contract under the Solicitation. On October 4, 2023, the Agency notified NYES that a protest had been filed at the Government Accountability Office ("GAO") (docketed

---

[1] RCFC 24(c) requires an intervenor to file a responsive pleading when intervening. NYES respectfully requests the Court grant leave for NYES to intervene without filing an answer or responsive pleading. NYES's request is consistent with RCFC 52.1(c)(3), which states that a motion "for judgment on the administrative record obviates the requirement for filing of an answer under RCFC 12(a)(1)." NYES anticipates the parties will file cross-motions for judgment on the administrative record. NYES's request for leave to intervene without filing a responsive pleading at this time should not be construed as admitting any allegations in Airboss's Complaint.

as B-420935.2). On October 5, 2023, NYES received a stop-work order from HHS. Additional post-award protests were filed by a total of six protestors at GAO, resulting in file numbers B-420935.2 through B-420935.10. NYES was admitted as an Intervenor of Right under each of these protests. HHS elected to take corrective action, and GAO subsequently dismissed each of the post-award protests between November 2, 2023, and November 6, 2023.

On February 14, 2024, HHS issued Amendment 8 to the Solicitation, requesting that those offerors within the competitive range submit a five (5) page addendum to their technical proposals and submit updated business (price) proposals. NYES was included in the competitive range and timely submitted its addendum to HHS on February 28, 2024.

Accordingly, as the awardee under the Solicitation and an offeror within the competitive range who timely submitted its addendum under Amendment 8 to the Solicitation, NYES has a "*direct* and *immediate*" interest in the subject matter of this protest as it will "either gain or lose by the *direct* legal operation and effect of the judgment" of this protest. *Am. Mar.*, 870 F.2d at 1561 (citation and internal quotation marks omitted) (emphasis in original). Fundamentally, Airboss seeks to displace NYES as the awardee and deprive NYES of its interests in the Contract. Therefore, NYES seeks to intervene as of right in this protest to protect its substantial interest in the Contract. Intervention is necessary for NYES to protect its reputation and property interests against claims by the plaintiff protester. The Court allows original contract awardees to intervene in bid protests which are later filed as pre-award protests. *See, e.g., Ranger Am. of Puerto Rico, Inc. v. United States*, 153 Fed. Cl. 744 (2021).

Second, NYES's substantial interest will be impaired if intervention is denied. Under this second pre-requisite, "the impairment or impediment need not be of a strictly legal nature," and "it is generally accepted that the inquiry is fact specific and flexible, and primarily guided by

pragmatic considerations." *Am. Renovation*, 65 Fed. Cl. at 263 (citation and internal quotation marks omitted). If Airboss prevails in this protest, NYES will suffer a nontrivial competitive injury because it may be precluded from, and deprived of, the opportunity to fulfill, and receive revenue from, the Contract. NYES's interests will be that much more impaired to the extent it cannot intervene in this protest.

Third, NYES's interests are inadequately represented by the parties in this action. Specifically, NYES's interests are similar but not identical to the Agency's interests. Because Defendant, the United States, must zealously represent its interests, the Agency cannot fully and adequately represent NYES's interests in this matter.

Given the Court's expansive rules addressing the scope of the administrative record, *see* Rules of the Court of Federal Claims, Appendix C, VII, it is likely that the protective record will include NYES proprietary data. NYES has a vital interest in protecting its proprietary and otherwise business-sensitive proposal information that could well arise in this protest. This is particularly true given that the Court has no process to permit nonparties to review protected material prior to release.

Courts recognize that "where the intervenor's interest is similar but not identical to that of an existing party, the applicant 'ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.'" *United States v. Am. Tel. & Tel.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (citation omitted). "A minimal showing that the absentee's representation of his interest may be inadequate is sufficient to justify intervention." *Armour of Am. v. United States*, 70 Fed. Cl. 240, 245 (2006).

In addition, NYES's interest in protecting its own proprietary data also does not overlap with the Agency's interests. *See Voith Hydro, Inc. v. United States*, 141 Fed. Cl. 723, 726 (2019)

(a private party such as an awardee has a separate interest from the government in protecting its own proprietary data); *EER Sys. Corp.*, B-256383, June 7, 1994, 94-1 CPD ¶ 354 (same). In *Voith Hydro* and *EER*, the intervenor, but not the government, opposed the protesters' request that the protesters' outside consultants be granted admission to the protective order and thereby grant access to the intervenors' proprietary data. In both cases, the Court and GAO upheld the intervenors' objections. Absent intervention, the private third parties would have had no mechanism to protect their data other than a protective action in United States District Court.[2] The Court should grant intervention in situations where an interested party's private data may be included in the Court record. *See also Armour of Am.*, 70 Fed. Cl. at 245–46 (discussing why the parties' interests in protecting the intervenor-applicant's proprietary are insufficient).

Finally, NYES's motion is timely because it is well before the due date for the parties' cross-motions for judgment on the administrative record. *M.E.S., Inc. v. United States*, 99 Fed. Cl. 239, 242 (2011) (citing *Belton Indus., Inc. v. United States*, 6 F.3d 756,762 (Fed. Cir. 1993)). The parties will suffer no prejudice if the Court grants this motion to intervene because NYES will meet any schedule without delay. In sharp contrast, NYES would be substantially prejudiced if the Court denies NYES the opportunity to intervene.

---

[2] In *EER*, the intervenor was initially forced to file suit against the Comptroller General (GAO) to protect its data. The GAO decision notes: "The filing of these applications prompted Swales to file a request for injunctive relief in the United States District Court for the District of Columbia (Civil Action No. 94–1036). The court entered an order in this matter, which recognized Swales's and GAO's agreement that the proprietary information would not be disclosed to the experts until the lawsuit was resolved, although the GAO's consideration of the protest would otherwise continue."

**B.      Alternatively, the Court Should Exercise Its Discretion and Allow Permissive Intervention**

In the alternative, if this Court determines NYES is not entitled to intervene as of right, the Court should exercise its discretion to permit NYES to permissively intervene. Rule 24(b) allows anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." RCFC 24(b)(1)(B). NYES will maintain that the current Solicitation requires no further amendment—the same question about which Airboss and Defendant disagree. In addition, "[t]he Court may well benefit from the perspective, not available from the defendant, offered by another experienced government contractor on the issues presented by the Complaint." Order at 1-2, *Noble Supply & Logistics LLC v. United States*, No. 23-1116C (Fed. Cl. August 17, 2023), ECF No. 25 (granting permissive intervention). Rule 24(b) also only allows permissive intervention where intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." RCFC 24(b)(1)(C). As stated, if permitted to intervene, NYES will comply with any dates for Defendant's filings in any scheduling order that the Court issues.

**C.      Further Alternatively, the Court Should Exercise Its Discretion and Allow NYES to Appear as Amicus Curiae**

In the further alternative, NYES requests that the Court grant NYES leave to appear as amicus curiae for the limited purpose of NYES outside counsel obtaining access to the protective order to protect NYES proprietary data. NYES has a strong interest in protecting its proprietary data from public release or release to third party consultants.

**D.     Conclusion**

For the reasons stated above, NYES respectfully requests that the Court grant NYES's

motion for leave to intervene.

Date: March 12, 2024

*Of Counsel*

Jonathan D. Shaffer
Aaron A. Kor
HAYNES AND BOONE, LLP
8000 Towers Crescent Drive, Suite 900
Tysons Corner, Virginia 22182

Respectfully submitted,
Haynes & Boone, LLP


By: */s/ Tara D. Hopkins*
Tara D. Hopkins
HAYNES AND BOONE, LLP
8000 Towers Crescent Drive, Suite 900
Tysons Corner, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312
tara.hopkins@haynesboone.com

*Counsel of Record for New York*
*Embroidery Studio Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March 2024, New York Embroidery Studio, Inc.'s Motion to Intervene was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Tara D. Hopkins*
Tara D. Hopkins
