# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| AirBoss Defense Group, LLC, <br><br> Plaintiff, <br><br> v. <br><br> United States, <br><br> Defendant. | Case No. 24-cv-00365 <br><br> Judge Charles F. Lettow |

### OPPOSITION TO NEW YORK EMBROIDERY STUDIO, INC.'S MOTION TO INTERVENE

Plaintiff, AirBoss Defense Group, LLC ("ADG"), respectfully requests that the Court deny New York Embroidery Studio, Inc.'s ("NYES") motion to intervene in the above-captioned bid protest matter. Pursuant to Rule 24 of the Rules of the U.S. Court of Federal Claims ("RCFC"), NYES does not satisfy the necessary criteria to intervene as a matter of right and does not meet the standard for permissive intervention.

**A. NYES Has No Interest in the Subject of the Bid Protest**

Under RCFC 24, a party may intervene as a matter of right only if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a)(2). The rule creates four requirements that a party must satisfy to be granted intervention as a matter of right. First, the motion must be timely. Second, the movant must demonstrate that it has an "interest" in the subject of the protest and the interest at issue must be more than an "economic interest," it must be a "legally protectable" one. *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012). Third, the claimed interest must be "of such a direct

1

and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Id*. (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Finally, the prospective intervenor must demonstrate that its claimed interest will not be "adequately addressed by the government's participation." *Id*.

ADG agrees that NYES's motion is timely but submits that NYES cannot meet any of the other requirements of RCFC 24. Although the Court construes a motion to intervene in favor of the intervenor, because NYES has not met the requirements of RCFC 24, the Court should deny the motion.

Contrary to NYES's assertion in its motion, ADG's protest does not "seek[] to displace NYES as the awardee and deprive NYES of its interests in the Contract." NYES Mot. at 3. NYES is not "the awardee," and is instead only one of several offerors in the competitive range for an award.[1] The Department of Health and Human Services, Administration for Strategic Preparedness and Response ("HHS") will conduct discussions with the offerors in the competitive range, and any awards will be based on the revisions that the offerors in the competitive range make to their proposals in the course of discussions. ADG's protest does not challenge the inclusion of NYES within HHS's competitive range. Rather, ADG challenges HHS's evaluation of ADG's proposal and HHS's decision to exclude ADG from the competitive range. Neither the Solicitation nor procurement law limits the number of offerors in the competitive range; accordingly, inclusion of ADG's proposal in the competitive range will not "impair or impede" NYES's ability to protect its interest as an offeror in the competitive range. RCFC 24(a)(2). NYES

---

[1] NYES was awarded a contract under the Solicitation in September 2023. Complaint at ¶ 27. Following bid protests at the Government Accountability Office by ADG and other offerors, the Government elected to take corrective action, reevaluate proposals, and make a new award decision. *Id*. at ¶¶ 30-35.

therefore does not stand to "gain or lose by the direct legal operation and effect of the judgment." *Wolfsen*, 695 F.3d at 1315; *see Nev. Site Sci. Support & Techs. Corp. v. United States*, 128 Fed. Cl. 337, 339 (2016) ("The potential intervenors would certainly have an interest in getting a contract of which they are legally qualified, and, if the plaintiff loses the protest, one of the potential intervenors may receive the subsequent award. However, the simple fact that a party might benefit from another's legal misfortune does not lead to an understanding that said party should have a role in occurrence of that legal misfortune. If a singer suffers a voice injury and is, as result, fired from her job, it is hardly conceivable to believe that a Court would allow a rival singer to intervene in that case on the side of the employer simply because he might subsequently get the newly vacant job!").

For the same reason, NYES has no basis to allege that, if "Airboss prevails in this protest, NYES will suffer a nontrivial competitive injury because it may be precluded from, and deprived of, the opportunity to fulfill, and receive revenue from, the Contract." NYES Mot. at 4. Again, ADG's protest does not challenge NYES's inclusion in the competitive range. ADG's protest challenges ADG's exclusion from the competitive range. NYES has no "legally protectable" interest in avoiding competition with ADG in this procurement.

It is conceivable that ADG may identify errors in HHS's evaluation of the proposals that, if corrected, could result in a new competitive range determination that might not include NYES. This Court, however, will not set a new competitive range in deciding this protest. As a result, NYES's interest in preserving its position in the competitive range is not "of such a direct and immediate character that [NYES] will either gain or lose by the direct legal operation and effect of the judgment." *Wolfsen Land & Cattle*, 695 F.3d at 1315.

3

Further, there is no reason why the Government cannot adequately represent any interest NYES may have in defending HHS's inclusion of NYES in the competitive range (which ADG does not challenge). NYES's conclusory statement that "NYES's interests are similar but not identical to the Agency's interests," is devoid of any facts or evidence that would provide a basis for this Court to find that the Government cannot adequately defend its competitive range determination. NYES Mot. at 4.

Finally, NYES argues it is entitled to intervene in order to protect its own proprietary data and that its interest in protecting its data does not overlap with the Government. Although this Court has allowed intervention for the purpose of protecting proprietary or confidential information, those circumstances are generally limited to situations where the prospective intervenor's information would not be sufficiently protected by the other parties. *See e.g. Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 414 (2006) (allowing limited intervention to protect trade secrets). ADG has requested that the Court issue its standard protective order, which limits the disclosure of confidential and proprietary information. NYES cannot demonstrate that the Court's protective order is inadequate to protect NYES's interests.[2]

**B. The Court Should Deny NYES's Request for Permissive Intervention**

Alternatively, NYES requests that the Court exercise its discretion to permit NYES to permissively intervene. Pursuant to RCFC 24(b), the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

---

[2] In the event the Court permits NYES to intervene to protect its own proprietary or confidential data, ADG requests that the Court limit intervention to this purpose. *Armour of Am. v. United States*, 70 Fed. Cl. 240, 245 (2006) (allowing intervention for the sole purpose of requesting modification of protective order). NYES should not be permitted to file a motion for judgment on the administrative record, which would needlessly expand the number of briefs that must be filed in this protest.

4

RCFC 24(b)(1)(B).  NYES asserts that it will argue that the Solicitation requires no further amendment.  But whatever argument NYES plans to make, it is not a "claim or defense"—NYES has been included in the competitive range, and any amendment to the Solicitation will not exclude NYES from the competitive range.  Regardless, NYES has no idea what amendment to the Solicitation may be required because NYES has not seen ADG's Complaint.  NYES therefore has no basis to suggest that it has arguments regarding the proper interpretation of the Solicitation that will be any different from the arguments that the Government will make.  NYES's position that the Solicitation needs no further amendment therefore does not provide a basis for permissive intervention.

**C.  The Court Should Deny NYES 's Request to Appear as an Amicus Curiae**

Finally, NYES requests that the Court "grant NYES leave to appear as amicus curiae for the limited purpose of NYES outside counsel obtaining access to the protective order to protect NYES proprietary data."  NYES Mot. at 6.  NYES identifies no authority for appearing as amicus curiae for such a purpose.  There is no right to file an amicus brief in the Court of Federal Claims; the decision whether to allow participation by amici curiae is left entirely to the discretion of the Court.  *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285 (1996).  When making such a decision, the Judges of this Court have considered factors such as opposition of the parties, interest of the movants, partisanship, adequacy of representation, and timeliness.  *Id.*  Although NYES's request may be timely, each of the other factors weighs against NYES appearing as amicus curiae:

- Opposition of the Parties: ADG opposes NYES's participation as amicus curiae because that participation will serve no useful purpose in the resolution of this litigation.

- Interest of Movants: "When a court's decision would directly affect a person or entity's rights or would set a controlling precedent regarding a claim of that person or entity, leave to file an amicus curiae brief may be allowed." *Id.* As discussed above, ADG's protest will not directly affect NYES's interests and NYES has identified no "claim" it has on which this Court will set a controlling precedent.

- Partisanship: Although amicus curiae briefs before appellate courts usually support one side or the other, trial courts "have frowned on participation which simply allows the amicus to litigate its own views" or present "its version of the facts." *Id.* NYES's Motion makes clear that this is all NYES wants to do.

- Adequacy of Representation: Trial courts have allowed amicus filings when the court was "concerned that one of the parties is not interested in or capable of fully presenting one side of the argument." *Id.* As discussed above, NYES has identified no argument that it plans to make that the Government cannot adequately present.

For each of the foregoing reasons, the Court should deny NYES's motion.

Dated: March 12, 2024

Respectfully submitted,

/s/ Daniel P. Graham
Daniel P. Graham
Llewelyn M. Engel
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, DC 20001
202-756-8890
*Counsel for AirBoss Defense Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I caused a copy of the foregoing document to be electronically filed with the clerk using the Court's CM/ECF system. I further certify that I have served the foregoing document via Electronic Mail on the following:

United States Department of Justice
Commercial Litigation Branch
Civil Division, 8th Floor
1100 L Street NW
Washington, DC 20530
E-mail: nationalcourts.bidprotest@usdoj.gov

                                              s/ Daniel P. Graham
                                              Daniel P. Graham
                                              MCDERMOTT WILL & EMERY LLP
                                              500 North Capitol Street, N.W.
                                              Washington, DC 20001
                                              202-756-8890
                                              *Counsel for AirBoss Defense Group, LLC*